UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:24-CR-00007-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CALEB BARFIELD (01)** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss Count Five of the Indictment [doc. 31] filed by defendant Caleb Barfield. The government opposes the motion. Doc. 34.

### I.
### BACKGROUND

Barfield is charged in a seven-count indictment in this court with various drug trafficking and firearms crimes. Doc. 1. Count Five charges him with possession of a firearm and ammunition (namely, a Ruger 40-caliber pistol and various calibers of ammunition) by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). That statute provides, in pertinent part, that "[i]t shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to . . . possess in or affecting commerce, any firearm or ammunition." *Id.*

Barfield now moves to dismiss Count 5, arguing that recent decisions by the Supreme Court in *New York Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and the United States Court of Appeals for the Fifth Circuit in *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), require that the court revisit the constitutionality of § 922(g)(1)

under an as-applied challenge. Doc. 31. The government concedes that an as-applied determination is required under *Diaz* but maintains that Barfield's prior convictions render the restriction imposed on his Second Amendment rights under § 922(g)(1) constitutional. Doc. 34.

## II.
## LAW & APPLICATION

The Second Amendment challenge in *Bruen* involved a New York licensing regime under which an applicant for a public carry handgun license must demonstrate a special need for self-defense. The Court rejected that standard, expanding on *D.C. v. Heller* to hold that the Second Amendment protected an individual's right to possess a gun outside the home as well as inside it. To this end, it held that a "means-end" approach does not apply to Second Amendment restrictions and instead instructed lower courts "to consider text and history as determinative factors." *United States v. Herrera*, 2023 WL 5917414, at *1 (S.D. Tex. Sep. 11, 2023) (citing *Bruen*, 597 U.S. at 24).

Until recently, courts in this circuit (including the undersigned) rejected challenges to § 922(g)(1) on the grounds that *Bruen* did not overrule Fifth Circuit precedent upholding that statute. *See, e.g.*, *United States v. Bazile*, 2023 WL 7112833, at *3–*4 (E.D. La. Oct. 27, 2023) (collecting cases). In *Diaz*, however, the Fifth Circuit held that § 922(g)(1) prohibited conduct covered by the Second Amendment's plain text. The burden thus falls on the government under *Bruen* to show that the restriction is "consistent with this Nation's historical tradition of firearms regulation" by identifying "a well-established and

representative historical analogue" that is "relevantly similar" to the challenged law. *Diaz*, 116 F.4th at 467 (quoting *Bruen*, 597 U.S. at 29, 30).

The only relevant criminal history for a § 922(g)(1) charge is a prior conviction "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The court may not consider charges that were dismissed, that were not punishable by a term of more than one year, or that were charged in the same indictment as the § 922(g)(1) charge. *United States v. Garner*, 2024 WL 4820794, at *2 n. 4 (W.D. La. Nov. 18, 2024) (citing *Diaz*, 116 F.4th at 467). Accordingly, the government relies on the following predicate convictions: Possession of a Controlled Dangerous Substance II with the Intent to Distribute, Distribution of a Controlled Dangerous Substance II, and Possession of a Stolen Firearm. Defendant pled guilty to these charges in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on October 5, 2015. Doc. 34, att. 1. He was sentenced to two ten-year terms for the drug trafficking convictions and a one-year term for the firearm possession, with all terms ordered to run concurrently. *Id.*

In upholding an as-applied § 922(g)(1) challenge under *Bruen*, the Fifth Circuit relied on the following analogues: (1) historical laws authorizing capital punishment and estate forfeiture as consequences for felonies; (2) two proposals from state constitutional conventions that excluded those deemed dangerous from bearing arms; and (3) colonial-era "going-armed" laws that "prohibited going armed offensively and authorized forfeiture of weapons as punishment." *United States v. Alexander*, 2024 WL 4805388, at *2 (W.D. La. Nov. 15, 2024) (citing *Diaz*, 116 F.4th at 467, 468, 470). These analogues "are . . . rooted in a common purpose: the disarming of individuals viewed to be violent or a threat

to public safety." *Id.*; *see Diaz*, 116 F.4th at 469 (explaining that laws authorizing capital punishment and estate forfeiture were "justified by the need to adequately punish felons, deter reoffending, and protect society from those proven untrustworthy to follow the law.").

To that end, "[i]llegal drug trafficking is a largely modern crime with no direct historical analogue." *United States v. Dorsey*, 2023 WL 7019185, at *1 (M.D. Pa. Oct. 25, 2023). As the government notes, however, colonial and founding-era legislation reflects the threat to public safety posed by a market in illicit goods. Acts such as stealing mail, making or trading counterfeit or forged securities, and trading stolen horses were capital crimes punishable by death. See An Act to Establish the Post-Office and Post Roads Within the United States, § 17 1 Stat. 232, 237 (1792); An Act for the Punishment of Certain Crimes Against the United States, 1 Stat. 112, 115 (1790); 6 William Walter Hening, The Statutes at Large; Being a Collection of All the Laws of Virginia from the First Session of the Legislature, in the Year 1619, 130 (1819). In the modern era, "lawmakers have made a reasoned decision that drug traffickers are dangerous and disruptive to society," taking into account "the well understood connection between drugs, firearms, and deadly violence[.]" *United States v. Reichenbach*, 2023 WL 59116467, at *8 (M.D. Pa. Sep. 11, 2023). This is reflected not just under § 922(g)(1)'s prohibition on firearm possession by any felon but also through a federal statute criminalizing the mere possession of a firearm while trafficking controlled substances. See 18 U.S.C. 924(c). Accordingly, the government has shown through historical analogue that the restrictions applied through § 922(g)(1) on this defendant's right to carry a firearm are constitutional.

## III.
### CONCLUSION

For the reasons stated above, the court will **DENY** the Motion to Dismiss Indictment [doc. 31].

**THUS DONE AND SIGNED** in Chambers on the 21st day of November, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE